IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Richard Kevin Stockton, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:25-cv-09580-TMC |
| v. ) | |
| ) | **ORDER** |
| Atlanta Judicial Circuit, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Richard Kevin Stockton, a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this action against Defendant "Atlanta Judicial Circuit" alleging that various Georgia state judges siting in the Atlanta Judicial Circuit, as well as other "employees" of Defendant, violated his civil rights by issuing invalid orders, making improper rulings and refusing to annul a previously imposed seven-year sentence. (ECF Nos. 1 and 11). For relief, Plaintiff seeks the "return of [his] rightful daughters," the "termination" of corrupt behavior by the actors identified in his complaint, and money damages of $350 Million. (ECF No. 1 at 5). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was automatically referred to a United States Magistrate Judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 8), concluding that Plaintiff's claims against Defendant Atlanta Judicial Circuit pursuant to 42 U.S.C. § 1983 are subject to summary dismissal because Defendant is not a "person" subject to suit under § 1983; that, to the extent Plaintiff is attempting to assert claims against individual judges who sit in the Atlanta Judicial Circuit, such claims would be barred by judicial immunity; and that, to the extent Plaintiff's claims are premised upon events alleged to have occurred in July 2019, such

claims would be barred by the applicable statute of limitations. (ECF No. 8 at 2–4). Accordingly, the magistrate judge determined that Plaintiff failed to state a claim upon which relief could be granted as to the named Defendant and recommended that this court dismiss this action without prejudice and without issuance and service of process. *Id*. at 3–4.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

Plaintiff filed objections to the Report, repeating the claims asserted and the relief sought in the complaint and adding new factual allegations regarding various judges purportedly sitting in the Atlanta Judicial District. (ECF No. 11). Plaintiff's objections, however, do not relate to or in any way address the findings or conclusions set forth in the Report, and the court overrules them. Nothing set forth in the objections cures the deficiencies noted in the Report that subject this case to summary dismissal. The court has reviewed the Report under a *de novo* standard, finds no error in the Report and can discern no basis for deviating from the Report. The court agrees with and wholly **ADOPTS** the magistrate judge's findings, conclusions and recommendations in the

Report (ECF No. 8), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED** without prejudice and without issuance and service of process.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
October 21, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.